Filed 05/29/26

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-05691

---

**Daniel Stack v. Christ the King Parish in Rutland, et al**

---

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss  (Motion: 2)
Filer:      Kaveh S. Shahi
Filed Date:   January 20, 2026

Defendants' motion to dismiss is **granted in part** and **denied in part**.  Defendants' request for judicial notice is **denied**.  The present matter is **stayed.**

The present case is one of approximately three cases filed in Washington County Superior Court making the same or similar claims against Catholic Church Parishes and Trusts on behalf of Plaintiff who alleges that he was a victim of childhood sexual abuse by a priest who served in the names Parishes.  In all three cases, Plaintiffs, represented by same counsel have filed complaints alleging negligent supervision, breach of fiduciary duties, negligence and gross negligence, and premise liability against the Parishes and Trusts.  Defense Counsel, who is the same for all three cases has filed identical motions to dismiss across all three dockets, raising a number of legal and factual issues.

This Court recently issued a lengthy analysis of these claims and defenses in *Ferland v. Christ the King Parish in Rutland*, Dckt. No. 25-CV-5690 (May 29, 2026).  The reasoning of that decision applies with equal force to the present matter, and the Court adopts the reasoning of *Ferland* to the present matter.  As in *Ferland*, the Court will apply the Rule 12(b)(6) standard to the motion presented.

**First**, the Court concludes for the same reasons as *Ferland* that the Trusts in this case must be dismissed from the present matter as common law trusts lack the capacity to sue or to be sued.  *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 729 (2d Cir. 2017) (noting that a traditional common law trust "establishes only a fiduciary relationship and that cannot sue or be sued in its own right."); see also Restatement (Third) of Trusts § 2 (defining a trust as "a fiduciary relationship with respect to property, arising from a manifestation of intention to create

that relationship and subjecting the person who holds title to the property to duties to deal with it for the benefit of charity or for one or more persons, at least one of whom is not the sole trustee."); Bogert's The Law of Trusts and Trustees § 1 ("A trust may be defined as a fiduciary relationship in which one person holds a property interest, subject to an equitable obligation to keep or use that interest for the benefit of another."); *N. Sec. Ins. Co. v. Doherty*, 2009 VT 27, ¶ 10, 186 Vt. 598 ("[A]t common law, trusts are not independent legal entities with the capacity to sue or be sued.").

As with *Ferland*, the naming of the Trusts as defendants appears to be focused on the nature of the assets that they concern as well as with an eye toward the issue of fraudulent conveyance, which necessarily involves the Diocese and can only, in light of the Bankruptcy stay, be brought in the Bankruptcy Court.

For these reasons, Defendants' motion to dismiss is **Granted** as to the Trusts to the extent that they have been named as parties to this case. The court offers no opinion at this time as to whether any assets in the Trusts could be available to satisfy any liability established by Mr. Stack against the Parishes.

**Second**, the Court concludes that the Parish's arguments concerning control, authority, and organization of their structure under the Diocese is ultimately a factual consideration that must either await the development of a limited record and an expanded motion to dismiss under Rule 12(b)(6) or summary judgment. *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 14, 184 Vt. 1 (noting that a party should not attempt to "force a merits determination in the early stages of litigation . . . [using] the wrong procedural vehicle.").

For these reasons, the Parishes' motion to dismiss is **Denied.**

**Third**, the Court has reviewed the six factors that it considered in *Ferland*, and it finds that the present case and its facts share these concerns. Despite Plaintiff's efforts to separate its present claims from those against the Diocese, the claims and relief sought in the present case are factually, legally, and procedurally intertwined with the Diocese and raise issues that will likely require the Diocese's or its officers' participation either as a party or as an interested party with potential rights to assert (such as the church autonomy doctrine).

The question of a stay in this instance is in the nature of a continuance and rests within the broad discretion of the trial court. *In re Woodstock Cmty. Trust*, 2012 VT 87, ¶ 36, 192 Vt. 474. Taking the various factors and interests of the parties as discussed in more detail in

*Ferland*, along with the basic equities of the parties' positions, the Court finds that the balance favors imposing a stay on the proceedings until the Bankruptcy Court process reaches either resolution, or the parties obtain an express discharge of the related claims from the Bankruptcy Court. In so ruling, the Court has considered and finds that there is little to no harm to either Plaintiff or Defendants from such a stay. *Vermont Federation of Sportsmen's Clubs v. Birmingham*, 2020 VT 27, ¶ 10. As in *Ferland* , the Court will note that the underlying claims are 50 years old, and any limited delay is unlikely to affect the nature or quality of the claims and evidence or the right to any damages. Furthermore, during the stay, ownership of the primary assets that Plaintiff seeks to attach will be clarified and any subsequent effort to recover against them is likely to be more straightforward as a result.

## ORDER

For the foregoing reasons, Defendants' request for judicial notice is **Denied**; their motion to dismiss is **Granted in part** and **Denied in part**. The Trust Defendants are **Dismissed** from the present litigation.

The Court will stay these proceedings consistent with this Order until the Diocese and its officers are discharged from Bankruptcy, or a plan is adopted freeing the Diocese and its officers to freely participate in this litigation, or the Bankruptcy Court issues an express discharge of claims related to the present litigation, including ownership of the Parish assets.

Electronically signed on 5/29/2026 11:52 AM pursuant to V.R.E.F. 9(d)

_____

Daniel P. Richardson
Superior Court Judge